**Jimmy Lee VAUGHN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 14–99–01276–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Dec. 7, 2000.

Randy McDonald, Houston, for appellants.

Peyton Peebles, Houston, for appellees.

Panel consists of Justices MAURICE AMIDEI, HUDSON, and DRAUGHN.[1]

## OPINION

MAURICE AMIDEI, Justice.

Appellant, Jimmy Lee Vaughn, appeals his conviction for tampering with evidence. Tex.Pen.Code Ann. § 37.09(a)(1) (Vernon Supp.2000). After finding appellant guilty, the jury assessed punishment at eight years confinement in the Texas Department of Criminal Justice—Institutional Division. Raising two points of error, appellant contends that the State's proof at trial was neither legally nor factually sufficient to sustain his conviction. We affirm.

### Background

Sometime around the date of March 15, 1999, Harris County Sheriff Wilke pulled his vehicle into the parking lot of the Bayou Motel while on a routine patrol. While pulling into the lot, Wilke noticed two men arguing with each other while a female stood nearby. Seeing Wilke exit his marked police vehicle, both men quickly stopped arguing and returned to their separate rooms. Wilke proceeded to the room appellant had rented and, after knocking on the door, entered the room with appellant's permission. Upon entering the room, Wilke saw what he identified as cocaine residue on a dresser in appellant's room and began to question him about it. At this point, appellant began to react nervously. Wilke then called for backup and told appellant to sit down as he was being detained.

Around this time, the female Wilke had earlier seen near appellant and the other man began to look into the open doorway of the room. Keeping his eye on appellant, Wilke stepped outside of the room and briefly scanned the area. Appellant then slammed the door behind Wilke and headed to the bathroom, with Wilke in

---

1. Senior Justice Joe L. Draughn sitting by assignment.

close pursuit. Seconds later, both men were inside the bathroom when appellant pulled down a curtain rod containing a small clear bag of what Wilke recognized as crack cocaine rocks. After appellant refused to obey an order to get on the ground, Wilke jumped on his back and attempted to wrestle the bag from appellant. During this struggle, appellant managed to open the bag, dump its contents into the toilet, and flush it. At this point, the appellant ended his resistance and was handcuffed, with Wilke subsequently recovering a single rock of crack cocaine near the toilet. Based on this, the jury convicted appellant of tampering with unknown physical evidence. Appellant now raises two points of error, asserting legal and factual insufficiency of the evidence.

### Legal and Factual Sufficiency Standards

■ In determining whether the evidence is legally sufficient to support the verdict, we view the evidence in the light most favorable to the verdict, asking whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Weightman v. State*, 975 S.W.2d 621, 624 (Tex. Crim.App.1998); *Lane v. State*, 933 S.W.2d 504, 507 (Tex.Crim.App.1996) (citing *Jackson v. Virginia*, 443 U.S. 307, 318–19, 99 S.Ct. 2781, 2788–89, 61 L.Ed.2d 560 (1979)). In contrast to a legal sufficiency review, a review of factual sufficiency dictates that the evidence be viewed in a neutral light, favoring neither party. *Johnson v. State*, 23 S.W.3d 1, 7 (Tex. Crim.App.2000) (citing *Clewis v. State*, 922 S.W.2d 126, 134 (Tex.Crim.App.1996)). We conduct such a review by examining the evidence weighed by the jury that tends to prove the existence of an elemental fact in dispute and comparing it with the evidence tending to disprove that fact. *Johnson*, 23 S.W.3d at 7. Under a factual sufficiency review, a court will set aside a verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *id.* Finally,

while a reviewing court is authorized to disagree with the fact finder's determination in its factual sufficiency review, it must employ appropriate deference to the fact finder's judgment. *See id.* In practice, then, a factual sufficiency analysis generally requires deference to a fact finder's determinations as a reviewing court can consider only those few matters bearing on credibility that can be fully determined from a cold appellate record. *See id.* at 9.

■ In his two issues, appellant argues that the evidence offered by the State was both legally and factually insufficient to comport with the indictment and charge given to the jury. Specifically, appellant argues that the State's evidence at trial was insufficient to prove that he destroyed an unknown object of evidence, as pleaded in the indictment and submitted in the jury charge, but instead that the testimony clearly proved that he destroyed a known object—crack cocaine. For the reasons set out below, we disagree.

Under Texas law, a person is guilty of tampering with physical evidence when: 1) knowing that an investigation is pending he, 2) alters, destroys, or conceals, 3) any record, document, or thing, 4) intending to impair its verity, legibility, or availability as evidence in the investigation. TEX.PEN. CODE ANN. § 37.09(a) (Vernon Supp.2000). To support its charge that appellant destroyed unknown evidence, the State adduced testimony from the arresting officer, Sheriff Wilke. While Wilke repeatedly stated that the destroyed substance was, in his opinion, crack cocaine, he twice conceded the possibility that the substance could have been wax, drywall, or soap. Moreover, Wilke also conceded that he never saw whether the extant piece of crack found near the toilet base fell from the bag appellant emptied in the toilet. After viewing the evidence in a light most favorable to the verdict, we conclude that the State's evidence was legally sufficient

to prove the essential elements of tampering with physical evidence.

Employing the appropriate deference to the jury's determination, we likewise conclude that the State's evidence was factually sufficient to prove that appellant destroyed an unknown object. While the evidence destroyed by appellant could well have been cocaine, the State demonstrated that it could not positively prove this as appellant flushed it down the toilet. Under these circumstances, we hold that the jury's finding as to the unknown character of the destroyed object was no so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. We overrule appellant's two issues and affirm the judgment of the trial court.