NUMBER 13-04-302-CR

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI B EDINBURG

 

 

NATHANIEL HUDSON,                                                                     Appellant,

 

                                                             v.

 

THE STATE OF TEXAS,                                                                    Appellee.

 

 

    On appeal from the 148th District Court of Nueces County,
Texas.

 

 

                       MEMORANDUM OPINION

 

                  Before Justices Yañez, Castillo,
and Garza

                            Memorandum
Opinion by Justice Garza

 








Appellant was convicted of tampering with physical
evidence and now appeals, arguing that the evidence was factually insufficient
to prove that the evidence he allegedly tampered with was actually crack
cocaine.  See Tex. Penal Code Ann. ' 37.09(a) (Vernon 2003) (evidence tampering);  Zuniga v. State, 144 S.W.3d 477, 481
(Tex. Crim. App. 2004) (setting forth the standard of review for
factual-sufficiency challenges).  Viewed
in a neutral light, the evidence shows that upon being confronted by two police
officers, appellant put something in his mouth. 
While attempting to prevent appellant from swallowing the object, the
officers observed several pieces of suspected crack cocaine in appellant=s mouth. 
Appellant shoved the officers away from him and was able to ingest most
of the substance.  The officers later
observed little pieces and residue of the substance covering appellant=s tongue, but they were unable to recover a sample
because of appellant=s unwillingness to cooperate.  It is of no consequence that, at trial, the
State could not prove that the substance was crack cocaine.  Appellant was charged with and convicted of
tampering with evidence, not possession of crack cocaine.  The State=s
evidence was factually sufficient to prove the indictment=s allegation that appellant knew a possible drug
investigation was pending and intentionally or knowingly destroyed a suspected
narcotic.  See Vaughn v. State, 33
S.W.3d 901, 904 (Tex. App.CHouston [14th Dist.] 2000, no pet.) (concluding that
similar evidence was factually sufficient to prove evidence tampering even
though the destroyed evidence was only suspected to be crack cocaine).  Appellant=s sole
issue is overruled and the judgment of the trial court is affirmed.  

 

 

 

 

DORI CONTRERAS GARZA

Justice

 

 

Do
not publish.  

Tex. R. App. P.
47.2(b).

 

Memorandum
Opinion delivered and 

filed this the 7th day of July, 2005.