PD-1317-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 10/8/2015 5:20:42 PM
Accepted 10/9/2015 2:47:13 PM
ABEL ACOSTA
CLERK

CAUSE NUMBER _____

## IN THE TEXAS COURT OF CRIMINAL APPEALS
## AUSTIN, TEXAS

_____

### MARY ZUNIGA
*Petitioner*

### V.

### THE STATE OF TEXAS
*Respondent*

_____

**From the Thirteenth District Court of Appeals, Cause No. 13-14-0316-CR and the 347th District Court for Nueces County, Cause No. 13-CR-4404-H, Honorable Missy Medary**

_____

# PETITION FOR DISCRETIONARY REVIEW

_____

**CHRISTOPHER J. GALE**
**Texas Bar No. 00793766**
**GALE LAW GROUP, PLLC**
**P.O. Box 2591**
**Corpus Christi, Texas 78403**
**Telephone: (361) 808-4444**
**Telecopier: (361) 232-4139**
**Email: Chris@GaleLawGroup.com**
*Attorney for Petitioner*

**ORAL ARGUMENT REQUESTED**

FILED IN
COURT OF CRIMINAL APPEALS

October 9, 2015

ABEL ACOSTA, CLERK

## IDENTITY OF INTERESTED PARTIES

Pursuant to Texas Rule of Appellate Procedure 68.4(a), Petitioner lists the following persons who have an interest in the appeal:

| | |
|---|---|
| **PETITONER:** | **Mary Zuniga** |
| **PETITIONER'S TRIAL COUNSEL** | **Christopher J. Gale** |
| **PETITIONER'S APPELLATE COUNSEL** | **Christopher J. Gale** |
| **RESPONDENT** | **The State of Texas** |
| **RESPONDANT'S TRIAL COUNSEL** | **David Jakubowski**<br>**Assistant District Attorney**<br>**901 Leopard St. Room 206**<br>**Corpus Christi, Texas 78401**<br>**Telephone: (361)-888-0414** |
| **RESPONDENT'S APPELLATE COUNSEL** | **Douglas Norman**<br>**Assistant District Attorney**<br>**901 Leopard St. Room 206**<br>**Corpus Christi, Texas 78401**<br>**Telephone: (361)-888-0414** |
| **PRESIDING DISTRICT JUDGE** | **Honorable Missy Medary**<br>**347th District Court**<br>**901 Leopard St., 8th Floor**<br>**Corpus Christi, Texas 78401** |
| **NUECES COUNTY DISTRICT ATTORNEY** | **Mark Skurka**<br>**Assistant District Attorney**<br>**901 Leopard St. Room 206**<br>**Corpus Christi, Texas 78401**<br>**Telephone: (361)-888-0414** |

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL ............................... i

TABLE OF CONTENTS ............................................. iii

INDEX OF AUTHORITIES ......................................... iv

STATEMENT REGARDING ORAL ARGUMENT .................. 1

STATEMENT OF THE CASE ...................................... 1

STATEMENT OF PROCEDURAL HISTORY .......................... 3

ISSUE PRESENTED .............................................. 3

PETITIONER'S PREVIOUS ARGUMENT .............................. 3

PRAYER ....................................................... 9

CERTIFICATE OF SERVICE....................................... 10

CERTIFICATE OF COMPLIANCE ............................... 11

APPENDIX .................................................... 12

# INDEX OF AUTHORITIES

**Cases**                                                    **Page**

*Memorandum Opinion - Barrow v. State*, 241 S.W.3d
919, 920-24 (Tex. App. – Eastland 2007, *pet. ref'd*) .....................7

*State v. Majors*, 318 S.W.3d 850, 859 (Tenn. 2010) .....................8

*State v. Moff*, 154 S.W.3d 599, 601 (Tex. Crim. App. 2004) .......4

*Swabado v. State*, 597 S.W.2d 361, 363-364
(Tex.Crim.App. 1980) .......................................................................4

*Vaughn v. State*, 33 S.W.3d 901 (Tex. App. – Houston [14th
Dist.], *nopet.*) ................................................................................6, 7

**Statutes and other authorities**

Tex. Code Crim. Proc. arts. 21.02, 21.11 ....................................... 3. 4

Tex. Code. Crim. Proc. art 27.09 ..................................................5

U.S. CONST. amend. VI...............................................................3

TEX. CONST. art. I, § 10..............................................................3, 4

TEX. PEN. CODE §37.09 ...............................................................4

**TO THE HONORABLE COURT OF CRIMINAL APPEALS OF TEXAS:**

## STATEMENT REGARDING ORAL ARGUMENT

In the event this petition is granted, Petitioner requests oral argument. Oral argument would assist to resolve whether, in an indictment, the term "an unknown substance" is sufficient so as to apprise a defendant of what "thing" was considered "evidence" alleged to have been altered, destroyed or concealed.

## STATEMENT OF THE CASE

On April 24, 2014, Petitioner was charged by indictment with Tampering with Physical Evidence. (C.R 5-6)[1]. The description and nature of the original charge - in relevant part - against Petitioner stated that she:

> . . . on or about December 19, 2013, . . . did then and there, while knowing that an investigation was in progress, to wit: A DRUG INVESTIGATION, intentionally and knowingly ALTER, or DESTROY, or CONCEAL, [] with the intent to impair its verity or availability as evidence in any subsequent investigation or official proceeding relating to the offense. . .

(C.R. 5-6) ([] noted in place of blank space originally in indictment).

Based, *inter alia,* on the fact that the above-noted indictment did not identify ANYTHING that was altered, destroyed or concealed, Petitioner filed her *Motion to Quash and Exception to Form of Indictment* and a hearing was thereafter conducted. At the conclusion of said hearing, Respondent agreed (without order

---

[1] Within this brief, references to the Clerk's record will be denoted by "C.R." and those to the Court Reporter's record will be denoted as "T.R."

1

from the court) to amend said indictment and did so, adding/handwriting in the phrase "an unknown substance" (in place of the blank space) within the indictment. (C.R. 5).

On May 12, 2014, Petitioner filed - based on the mere substitution of "an unknown substance" in place of the original blank space and nothing describing any "unlawful" substance and/or any description/explanation of what evidentiary value such "unknown substance" had - her *Defendant's Amended Motion to Quash and Exception to Form of Indictment*. (C.R. 17-20).

On June 4, 2014, the Court - after conducting a hearing (during which the Court questioned not only the sufficient of alleging an "unknown substance" but also the sufficiency of the allegation of an investigation "in progress" without more) - granted the motion and entered an Order pertaining to same. (C.R. 29, T.R. 1-18).

Respondent thereafter filed their notice of the instant appeal and on July 16, 2015, a Panel of the Thirteenth Court of Appeals issued its *Memorandum Opinion*, wherein the Court determined that no description of any "thing" need be alleged in an information for tampering. Such decision is completely contrary to the purpose of an indictment, based on vastly irrelevant case law and results in absurd and unconstitutional charging documents. In short, the Panel determined that saying a

person tampered with "something" or "a thing" is sufficient to provide notice to a defendant.

## STATEMENT OF PROCEDURAL HISTORY

In an unpublished opinion delivered July 16, 2015, the Thirteenth Court of Appeals overturned the judgment of the trial court. On August 17, 2015, Petitioner filed her *Motion for En Banc Rehearing*, which was denied on August 24, 2015.

Petitioner now files this, her *Petition for Discretionary Review* pursuant Rule 68 of the Texas Rules of Appellate Procedure.

**ISSUE PRESENTED**    Whether the addition of the term "an unknown substance" is sufficient so as to apprise a defendant of what "thing" was considered "evidence" alleged to have been altered, destroyed or concealed?

## PETITIONER'S PREVIOUS ARGUMENT

Simply adding the term "an unknown substance" as the object of a tampering charge does not provide sufficient notice of what it is a Defendant is alleged to have "tampered with" anymore than does a blank space in lieu thereof.

The right to notice of pending criminal charges is set forth in both the United States and Texas constitutions.  U.S. CONST. amend. VI; TEX. CONST. art. I, § 10; *State v. Moff*, 154 S.W.3d 599, 601 (Tex.Crim.App. 2004). In order to provide same, a charging instrument must be specific enough to convey adequate notice of

3

the nature of the accusations so that the accused may prepare a defense. *Moff* at 601; see Tex.Code Crim.Proc. arts. 21.02, .11. In particular, an indictment must allege on its face facts necessary 1) to show that an offense was committed, 2) to bar a subsequent prosecution for the same offense, and 3) to give the defendant precise notice of what he or she is being charged with. *Swabado v. State*, 597 S.W.2d 361, 363-364 (Tex.Crim.App. 1980). Petitioner would assert - as the District Court found - that these tenants of notice were not met in this case at hand.

As noted above, the Texas Penal Code section under which Petitioner was charged with "Tampering With or Fabricating Physical Evidence", in pertinent part, states as follows:

> A person commits an offense if, knowing that an investigation or official proceeding is pending or in progress, he alters, destroys, or conceals any record, document, or thing with intent to impair its verity, legibility, or availability **as evidence** in the investigation or official proceeding.

(TEX.PEN.CODE §37.09) (**emphasis added**). In this particular case, Petitioner was initially charged with tampering with "nothing" and then later with tampering with "something" that was unknown (apparently the State cannot even describe if such unknown substance was even an illegal substance or simply a piece of gum). And so, how would Petitioner (or those similarly situated) defend against such an accusation of tampering with a "substance" without any description of whether

4

such was illegal narcotics or otherwise? The truth is that they cannot and even if they could, an acquittal of tampering with such unknown substance certainly would not prevent a retrial for something known and later charged. In other words, if during the first trial it was determined that the "unknown substance" was gum and hence an acquittal was secured, such acquittal would not prevent a subsequent trial if it became known and/or alleged that such was actually an illegal substance of some kind. In any case, the State in bringing a charge must have some kind of idea as to what item was tampered with and what would make it some evidence of a crime. Despite bringing such charges, the State in this case has still failed to provide any such description and based on the indictment, one would be completely unaware as to whether such item was a piece of paper, illegal narcotics or a breath mint. If the State believed drugs were involved, then should not the indictment at the very least state that? Without reiterating the obvious, but in light of same, no Defendant would have any idea what the State is alleging and as such, the indictment is insufficient pursuant to the grounds specified in Article 27.09 of the Texas Code of Criminal Procedure and said indictment did not comply with the requirements of Article 21.02 of the Texas Code of Criminal Procedure, to wit that it does not set forth the offense in plain or intelligible language, does not set forth the necessary elements (either the knowledge of an "in progress" investigation

5

and/or the identity of the item tampered with) and does not adequately inform Petitioner of the act(s) the State will rely upon to constitute the crime of Tampering with Physical Evidence.

In support of Respondent's assertion that alleging a person has tampered with "an unknown substance" - without any description of what the substance is believed to have been at all - is completely without merit and has no authority in the law. In fact, the only case cited by the Respondent in its original response to Petitioner's motion was *Vaughn v. State*, 33 S.W.3d 901 (Tex. App. – Houston [14th Dist.], *no pet*.). The fact that the State selected this case as its sole support for its "amendment" says volumes. Not only is the case without any writ history and has never been relied upon by any other Court in any relevant way, such case is factually different and has no bearing on the issues at hand. In *Vaughn*, the issue was not the indictment (alleging an "unknown substance"), as the Defendant seemed to have failed to object and/or motioned to quash same. While that may be true of the Defendant in *Vaughn*, that is not true in this case, where the instant Defendant **is** asserting a concern with the charging instrument. In *Vaughn*, the only issue was whether testimony concerning crack (a known substance) being "tampered with" was sufficient to prove the allegation (of an unknown substance). As such, *Vaughn* offers little, if any insight to this Court, where it is expected that

6

NO evidence (must less even an allegation of some evidence) of some illicit drug exist. In addition and further, in *Vaughn*, there is actually no discussion of what exactly the wording of the indictment was and yet, Respondent attempts to utilize such case in this one as support.

In addition to *Vaughn*, Respondent also cites to - and the Court of Appeals adopts in support of its *Memorandum Opinion - Barrow v. State*, 241 S.W.3d 919, 920-24 (Tex. App. – Eastland 2007, *pet. ref'd*), simply stating that a tampering **conviction** was upheld where the substance appearing to be cocaine was swallowed but not recovered. While such might be true, whether there was evidence presented during trial to support a valid indictment is not the question before this Court. It is whether there was a valid indictment existed to begin with. Again, the *Barrow* opinion never once mentions what the indictment alleged, whether such indictment was ever challenged and/or discusses the application of the facts to the indictment; and yet, Respondent relies on such case for use in this appeal. In short, *Barrow* does not address the issues presented herein and as such, offers no assistance with same. In fact, in *Barrow,* the evidence seemed to be concerning an allegation that the officers saw what they suspected was either methamphetamine or cocaine and one can assume that such was the allegation in the indictment - a fact that does not exist in this case.

In addition, Respondent cites to *State v. Majors*, 318 S.W.3d 850, 859 (Tenn. 2010), for the proposition that in Texas, there is no requirement to describe what evidence is alleged to have been tampered with. Without addressing the merits of *Majors* based on Tennessee law, such reliance is misplaced for two reasons. First of all, the Texas Supreme Court has determined that upon the filing of a Motion to Quash, the State is required to provide the substance of the evidence allegedly tampered with. *Swabado v. State*, 597 S.W.2d 361, 364 (Tex.Crim.App. 1980) (finding that in prosecution for tampering with a government record, sufficient notice identifying the alleged criminal acts required the State to identify the specific names "falsely" entered and supporting the tampering charge). Secondly, even if the Texas Supreme Court had not spoken concerning the tampering statute, the indictment in *Majors* at least tracked the wording of the tampering statute, alleging "any record, document, or thing", while in the instant case, the State/Respondent did not. Accordingly, even if *Majors* was applicable in Texas, here the State only alleged an unknown substance and did not even track the wording of the statute concerning tampering.

Based on the above, Petitioner requested that this Court overturn the Court of Appeals opinion and affirm the District Court's decision granting of the Motion to Quash in this case. While Petitioner agrees - as the Court of Appeals found - that

the State does not need to "specifically identify" with exact precision the "thing" tampered with, it should be necessary that the State provide at least a description (*i.e.* "unknown but expected narcotic", "rock-like substance presumably crack," "baggie containing a white cocaine-like substance") that constitutes the probable cause for the arrest. In other words, if there is sufficient probable cause to arrest for tampering, then there should exist sufficient information to formulate a description of such in an indictment. To allow the State to allege nothing is simply contrary to the purpose of an indictment and provides no information from which any person may defend themselves.

**PRAYER**

**WHEREFORE PREMISES CONSIDERED**, Petitioner, Mary Zuniga, prays that upon due reconsideration of the arguments and authorities contained herein, as well as oral argument, if any, that this Honorable Court of Criminal Appeals overrule the Thirteenth Court of Appeals decision and affirm the District Court's granting of Defendant's Motion to Quash. Petitioner further prays for any other relief, at law or in equity, specific or general, to which she may show herself justly entitled, and for which she shall forever pray.

Respectfully submitted,

GALE LAW GROUP, PLLC
P.O. Box 2591
Corpus Christi, Texas 78403
Telephone: (361) 808-4444

9

Telecopier: (361) 232-4139

By: /s/ *Christopher J. Gale*
Christopher J. Gale
Texas Bar No. 00793766
Email: Chris@GaleLawGroup.com
*Attorney for Petitioner*

## CERTIFICATE OF SERVICE

I hereby certify that on this the 8th day of October 2015, a true and correct

copy of the foregoing was forwarded to the following counsel of record by the

means indicated below:

Doug Norman                              ***Via E-File Notification***
Assistant District Attorney
NUECES COUNTY DISTRICT ATTORNEY'S OFFICE
Texas Bar Number 24078729
901 Leopard, Room 206
Corpus Christi, Texas 78401

State Prosecuting Attorney               ***Via First Class Mail***
P.O. Box 12405
Austin, Texas 78711

/s/ *Christopher J. Gale*
Christopher J. Gale

10

## CERTIFICATE OF COMPLIANCE

Pursuant to Rule 9.4(i)(3) of the Texas Rules of Appellate Procedure, the undersigned certifies this Petition for Discretionary Review complies with the type-volume limitations announced in Rule 9.4(i)(2)(D) of the Texas Rules of Appellate Procedure.

1. The undersigned certifies that the Petition for Discretionary Review contains no more than 2,719 words in proportionately spaced typeface, an amount of words within the limits set forth in Rule 9.4(i)(2)(D).

2. The brief has been prepared in proportionately spaced typeface using WordPerfect 12 in 14 pt.Times New Roman. Footnotes are used in this Petition for Discretionary Review on one occasion. The text has been included and accounted for in the above word count.

3. The undersigned understands a material misrepresentation in completing this certificate, or circumvention of the type-volume limits states in Rule 9.4(i)(2)(D) of the Texas Rules of Appellate Procedure, may result in the Court striking the Petition.

/s/ *Christopher J. Gale*
Christopher J. Gale

11

**APPENDIX:**

**JUDGEMENT AND OPINION FROM THIRTEENTH COURT OF APPEALS** ............................................. Tab 1

**NOTICE OF DENIAL OF PETITION FOR REHEARING EN BANC**............................................................... Tab 2

12

TAB NUMBER 1



# NUMBER 13-14-00316-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**THE STATE OF TEXAS,**                                                 **Appellant,**

**v.**

**MARY ZUNIGA,**                                                        **Appellee.**

### On appeal from the 347th District Court
### of Nueces County, Texas.

# MEMORANDUM OPINION

**Before Justices Rodriguez, Garza, and Longoria**
**Memorandum Opinion by Justice Rodriguez**

By one issue, appellant, the State of Texas, challenges the trial court's order quashing count one of the indictment against appellee Mary Zuniga. We reverse and remand.

## I.    BACKGROUND

Zuniga was pulled over by a police officer for allegedly running a stop sign in front

of her home. The officer placed Zuniga under arrest when he observed a bottle of controlled medication in Zuniga's vehicle for which she was not able to show a valid prescription.[1] At the hearing on Zuniga's motion to quash the indictment, the State provided the following recitation of events:

> They handcuffed her and put her in the back of the car, this is all on video. As she's sitting in the back of the police car with her hands handcuffed behind her back, you see her on the video moving her hands towards her side, reaching into her crotch area, pulling something out with her hands cupped because apparently she knows an officer is watching her. Moves her hands towards her mouth and moves her head down, like she swallowed something.

At the hearing, the State also stipulated that an officer would testify at trial that he saw Zuniga swallow a white substance in a baggy. Zuniga was taken to the hospital where medical professionals pumped Zuniga's stomach and performed an x-ray. No illegal substance or baggie was found. The State neither tested the results of Zuniga's stomach purge for an illegal substance nor requested any testing of her blood.

Zuniga was indicted on two counts: tampering with physical evidence and assault on a public servant. The first count (the only count at issue in this appeal) alleged:

> Mary Zuniga, defendant, on or about, December 29, 2013, in Nueces County, Texas, did then and there, while knowing that an investigation was in progress, to wit: A DRUG INVESTIGATION, intentionally and knowingly ALTER, OR DESTROY, OR CONCEAL, an unknown substance with intent to impair its verity or availability as evidence in any subsequent investigation or official proceeding related to the offense.

The phrase "an unknown substance," was originally omitted. Zuniga moved to quash the indictment on the grounds that its allegations were insufficient. It was during the hearing on Zuniga's first motion to quash the indictment that the State made the

---

[1] Zuniga later provided a valid prescription—the medicine was for her child.

2

handwritten notation—unknown substance—on the indictment. In response, Zuniga challenged the sufficiency of the modified indictment, complaining that "an unknown substance" was not sufficient to charge Zuniga with tampering with physical evidence pursuant to the code of criminal procedure. The trial court agreed and granted Zuniga's motion to quash count one of the indictment by written order. This appeal followed.

## II.    IS AN "UNKNOWN SUBSTANCE" A "THING"

By a single issue, the State contends that the "unknown substance" language in the indictment was sufficient to charge Zuniga with the crime of tampering with physical evidence pursuant to section 37.09 of the Texas Penal Code. *See* TEX. PENAL CODE ANN. § 37.09 (West, Westlaw through Ch. 49, 2015 R.S.). Zuniga responds that the indictment was facially defective because it did not include all elements of the offense that the State must prove.

### A.    Applicable Law

The sufficiency of a charging instrument presents a question of law that we review de novo. *Smith v. State,* 309 S.W.3d 10, 13–14 (Tex. Crim. App. 2010). The right to notice of pending criminal charges is set forth in both the United States and Texas constitutions. U.S. CONST. amend. VI; TEX. CONST. art. I, § 10; *see State v. Moff,* 154 S.W.3d 599, 601 (Tex. Crim. App. 2004). In order to satisfy the defendant's constitutional right to notice, an indictment must be specific enough to inform him or her of the nature of the accusation such that the accused can prepare a defense. TEX. CODE CRIM. PROC. ANN. art. 21.11 (West, Westlaw through Ch. 49, 2015 R.S.); *Moff,* 154 S.W.3d at 601. The indictment should state everything that is necessary to be proven. TEX.

CODE CRIM. PROC. ANN. art. 21.03.

Generally, when an indictment tracks the language of a penal statute, it will satisfy constitutional and statutory requirements. *State v. Mays,* 967 S.W.2d 404, 406 (Tex. Crim. App. 1998) (noting that the State need not allege facts that are merely evidentiary in nature). In the context of a motion to quash, we look to whether the indictment facially alleges the elements of the offense; we do not look at the evidence supporting the indictment. *State v. Rosenbaum,* 910 S.W.2d 934, 948 (Tex. Crim. App. 1994) (opinion on reh'g); *State v. Clarke,* 880 S.W.2d 854, 854–55 (Tex. App.—Corpus Christi 1994, pet. ref'd).

Section 37.09(a)(1) of the Texas Penal Code defines the offense of tampering with physical evidence as: (1) knowing that an investigation or official proceeding is pending or in progress; (2) a person alters, destroys, or conceals any record, document, or thing; (3) with intent to impair its verity, legibility, or availability as evidence in the investigation or official proceeding. TEX. PENAL CODE. ANN. § 37.09(a)(1); *Rabb v. State,* 434 S.W.3d 613, 616 (Tex. Crim. App. 2014) (citing *Williams v. State*, 270 S.W.3d 140, 142 (Tex. Crim. App. 2008)). The statute specifies that the putative evidence must be a record, document or thing, though it does not require that the "thing" be, in and of itself, of a criminal nature. *See* TEX. PENAL CODE ANN. § 37.09(a)(1); *Williams,* 270 S.W.3d at 144.

**B.  Discussion**

We are asked to determine whether an "unknown substance" can be a "thing" under section 37.09 of the penal code such that an indictment alleging the same complies with the constitutional notice requirements and the Texas Code of Criminal Procedure.

4

*See* U.S. CONST. amend. VI; TEX. CONST. art. I, § 10; TEX. CODE CRIM. PROC. arts. 21.03., 21.11 (West, Westlaw through Ch. 49, 2015 R.S.); *see also Rosenbaum,* 910 S.W.2d at 948.

Though the prosecutor stated at the hearing on the motion to quash that the arresting officer would testify that he observed Zuniga swallow a baggie containing a white substance, the indictment in this case did not specifically identify what the State alleges Zuniga destroyed: it merely states that the item allegedly destroyed was an "unknown substance." However, because Zuniga challenged the sufficiency of the charging document itself, the trial court could not consider any evidence and was limited to the face of the indictment itself in making its determination to quash. *See Rosenbaum,* 910 S.W.2d at 948.

In the present case, the State's indictment did not specifically identify the alleged physical evidence destroyed; however the statute does not require a high degree of specificity in identifying the destroyed evidence. *See, e.g., Barrow v. State,* 241 S.W.3d 919, 923–24 (Tex. App.—Eastland 2007, pet. ref'd) (affirming a conviction for tampering when Barrow swallowed a "rock-like" substance believed to be crack cocaine); *see also Perry v. State*, No. 06-08-00039-CR; 2009 WL 1138812, at *6 (Tex. App.—Texarkana Apr. 29, 2009, pet. ref'd) (mem. op., not designated for publication) (holding that the evidence was legally sufficient to support a tampering conviction even though the State did not prove that the destroyed evidence was Seroquel, as alleged in the indictment, because the State did put forth evidence that something of evidentiary value was destroyed). Instead, a facially complete indictment in this case must allege every fact

5

necessary to convict Zuniga of tampering with physical evidence pursuant to section 37.09. *See* TEX. CODE. CRIM. PROC. ANN. art. 21.03; *Rosenbaum,* 910 S.W.2d at 948. Based on the Texas Court of Criminal Appeals' holdings in *Williams* and *Barrow,* we determine the State is not required to allege, as an element of the offense, the specific identity of the destroyed evidence. *See Williams,* 241 S.W.3d at 923–24; *Barrow,* 240 S.W.3d at 142–44.

The statute focuses not on *what* was destroyed, but instead focuses on whether the accused acted with the intent of impairing its use as evidence. *See* TEX. PENAL CODE ANN. § 37.09(a)(1); *Barrow,* 240 S.W.2d at 142–44. Though identity of the putative evidence destroyed will be relevant at trial, it will be relevant not because it is an element of the offense, but because it is evidence of intent. As such, the identity of the destroyed thing is evidentiary and is not required to be included in the indictment. *See* TEX. CODE CRIM. PROC. ANN. art. 21.03; TEX. PENAL CODE ANN. 37.09(a)(1); *Mays,* 967 S.W.2d at 406.

We sustain the State's sole issue.

### III.    CONCLUSION

We reverse the trial court's order quashing count one of the State's indictment and remand for further proceedings consistent with this opinion.

NELDA V. RODRIGUEZ
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
16th day of July, 2015.

6



# THE THIRTEENTH COURT OF APPEALS

## 13-14-00316-CR

The State of Texas
v.
Mary Zuniga

On appeal from the
347th District Court of Nueces County, Texas
Trial Cause No. 13-CR-4404-H

## JUDGMENT

THE THIRTEENTH COURT OF APPEALS, having considered this cause on appeal, concludes that the judgment of the trial court should be reversed and the cause remanded to the trial court. The Court orders the judgment of the trial court REVERSED and REMANDED for further proceedings in accordance with its opinion.

We further order this decision certified below for observance.

July 16, 2015.



TAB NUMBER 2

<span style="color:red">FILE COPY</span>



# Court of Appeals
## Thirteenth District of Texas

**CHIEF JUSTICE**
ROGELIO VALDEZ

**JUSTICES**
NELDA V. RODRIGUEZ
DORI CONTRERAS GARZA
GINA M. BENAVIDES
GREGORY T. PERKES
NORA L. LONGORIA

**CLERK**
CECILE FOY GSANGER

NUECES COUNTY COURTHOUSE
901 LEOPARD, 10TH FLOOR
CORPUS CHRISTI, TEXAS 78401
361-888-0416 (TEL)
361-888-0794 (FAX)

HIDALGO COUNTY
ADMINISTRATION BLDG.
100 E. CANO, 5TH FLOOR
EDINBURG, TEXAS 78539
956-318-2405 (TEL)
956-318-2403 (FAX)

*www.txcourts.gov/13thcoa*

August 24, 2015

Hon. Christopher J. Gale
Attorney at Law
P. O. Box 2591
Corpus Christi, TX 78403
* DELIVERED VIA E-MAIL *

Hon. Douglas K. Norman
Asst. District Attorney
901 Leopard, Room 206
Corpus Christi, TX 78401
* DELIVERED VIA E-MAIL *

Hon. Amie Pratt
Gale Law Group, PLLC
American Bank Plaza
Corpus Christi, TX 78401
* DELIVERED VIA E-MAIL *

Hon. Mark Skurka
District Attorney
901 Leopard Street, Room 205
Corpus Christi, TX 78401
* DELIVERED VIA E-MAIL *

Re:      Cause No. 13-14-00316-CR
Tr.Ct.No.  13-CR-4404-H
Style:    The State of Texas v. Mary Zuniga

Appellee's motion for rehearing *en banc* in the above cause was this day DENIED by this Court.

Very truly yours,

Cecile Foy Gsanger, Clerk

CFG:dot